UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GEORGE LAMBERT,<br>    Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY,<br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY, AND TRINET<br>GROUP, INC.<br>    Defendants. | Civil Case No. 1:23-cv-00225-AJ |

**OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE ADMINISTRATIVE RECORD**

Defendants Aetna Life Insurance Company and Hartford Life and Accident Insurance Company oppose plaintiff George Lambert's Motion to Modify the Administrative Record (Doc. 22) and ask the Court to deny the motion for the reasons set forth below.

**I.   INTRODUCTION**

This is an ERISA benefits dispute. The Court will later decide the merits of the case, reviewing Aetna's claim determination under the arbitrary and capricious standard of review. In the current motion, Lambert asks the Court (a) to allow him at some later date to propose documents to add to the Administrative Record; and (b) to strike from the Administrative Record the February 7, 2020 report of Dr. Mark Sims.

The Court should deny the motion. Lambert's first request is procedurally and substantively deficient. He is essentially asking the court to allow him to file a later motion to supplement the record—but this is precisely the motion he was required to file this time around under LR 9.4. More importantly, under established First Circuit law, Lambert has the burden of demonstrating "some very good reason" why the record should not be limited to the Administrative Record compiled by the claim administrator. In the case of a procedural error, as alleged here,

Lambert has the burden of demonstrating prejudice. Lambert has not even asserted, much less established, prejudice. Finally, Lambert has cited no basis upon which the Court may grant his second request, to strike material from the Administrative Record.

## II. BRIEF BACKGROUND AND SUMMARY OF RELEVANT FACTS[1]

Lambert worked as a software engineer and participated in his employer's long-term disability plan ("the Plan"). The Plan was funded through the purchase of a group policy of disability insurance issued by Aetna[2] ("the Group Policy"). (AR 3947-4069.)

Lambert ceased work as of October 7, 2013 after a myocardial infarction. Aetna approved and paid benefits for the period April 5, 2014 through April 4, 2016 under the Group Policy's "own occupation" definition of disability. Aetna continued to approve benefits after the Group Policy's definition of disability changed to the stricter "any occupation" standard on April 5, 2016. As of May 19, 2017, however, Aetna determined that Lambert had not met his burden to show continued disability due to a heart condition. (*See, e.g.,* AR 4038, 4052 (requiring the claimant to prove the nature and extent of loss).) Aetna nonetheless continued to approve benefits based on Lambert's mood disorder.

Under the terms of the Group Policy, available benefits for Lambert's mood disorder were exhausted as of May 18, 2019. (*See* AR 4039 (disabilities primarily caused by mental health conditions are limited to 24 months of benefits).) Lambert appealed on November 14, 2019, arguing that he was entitled to further benefits under the terms of the Group Policy because he

---

[1] Unless otherwise stated, all references are to the Administrative Record, filed with the Court on October 2, 2023 and served on the plaintiff on October 17, 2023 (Doc. 20). The documents are Bates labeled HART000001 through HART004069, but for convenience's sake, here we will shorten the citation to "AR xxxx."

[2] Hartford later assumed claims administration for Aetna's disability block of business including this Group Policy, and Hartford employees adjudicated Plaintiff's claim as Aetna's authorized agents. For ease of reference, we will simply refer to "Aetna" throughout.

remained disabled due to his cardiac condition. (AR 3604.) After allowing Lambert additional time to submit information in support of his appeal, Aetna advised Lambert on January 22, 2020 that it was beginning its review. (AR 3876-3877.) Aetna also advised Lambert that it would obtain a peer review by an independent cardiologist, and urged Lambert to have his cardiologist, Dr. Bleakley, and his primary care physician, Dr. Cohen, make themselves available to speak with the peer reviewer. (*Id.*)

Aetna requested a cardiology peer review through a third party, Reliable Review Services, who selected Mark A. Sims, M.D., a board-certified cardiologist, to conduct the peer review. Dr. Sims issued a report dated February 19, 2020. (AR 1487-1509.) Dr. Sims tried without success to consult with Dr. Bleakley, but was able to consult with Dr. Cohen, who opined that Lambert had full-time sedentary work capacity from a physical standpoint, and was primarily limited by psychiatric issues. (AR at 1497.) Based on his review of the medical record and his conversation with Dr. Cohen, Dr. Sims concluded that Lambert was functionally impaired due to his cardiac condition and required reasonable physical restrictions and limitations that were nonetheless consistent with sedentary functional capacity. (AR 1499.)

Aetna sent Dr. Sims's report to Dr. Bleakley requesting his comment, and again urged Lambert to ask Dr. Bleakley to respond to Dr. Sims. (AR 3878-3879, 3941.) Dr. Bleakley did not respond to Aetna's repeated follow ups. (AR 3910.) After obtaining a transferrable skills analysis, which found a number of gainful occupations suitable for Lambert within the functional restrictions and limitations set by Dr. Sims, Aetna upheld the claim determination by letter dated April 6, 2020. (AR 3942-3944.)

> The Group Policy explicitly confers discretion upon the claims administrator, saying:
>
> We shall have discretionary authority to determine whether and to what extent eligible employees and beneficiaries are entitled to benefits and to construe any

disputed or doubtful terms under this Policy, the Certificate or any other document incorporated herein. We shall be deemed to have properly exercised such authority unless We abuse our discretion by acting arbitrarily and capriciously.

(AR 4027.)

### III. THE PLAINTIFF'S REQUESTS ARE INCONSISTENT WITH FIRST CIRCUIT LAW

Lambert argues that Aetna violated ERISA regulations by failing to provide a copy of Dr. Sims's report to him before making its final claim determination. (*See* Motion, Doc. 22, at p.2.) He also suggests that Dr. Sims was not provided all of the relevant medical records. (*Id*. at 3-4.) Lambert asks the Court both to strike Dr. Sims's report and to allow him to supplement the record with documents that he claims Dr. Sims should have reviewed. (*Id*. at 2, 4.) Not only does Lambert fail to support his motion with any legal authority, his requests are inconsistent with First Circuit law.

#### A. Lambert's Motion To Supplement Documents Is Procedurally Deficient

The Court should deny Lambert's request to supplement the Administrative Record on procedural grounds alone. Lambert's motion does not comply with the letter or the spirit of LR 9.4(a), which requires "[a]ny motion to modify the administrative record [to] be served and filed within fourteen (14) days after the administrative record is filed." Lambert's motion does not comply with LR 9.4(a) because it does not specify what records he seeks to add. Rather, Lambert merely seeks to file a later motion identifying documents that he believes should be in the Administrative Record. (*See* Motion, Doc. 22, at p.4.) Under Rule 9.4, the time for him to have identified those documents was the current motion.[3]

---

[3] Aetna has been prejudiced by Lambert's failure to comply with the Rule because it cannot completely address the issue without knowing what supplementation Lambert suggests. Accordingly, while Aetna has done its best below to address Lambert's points, it reserves all arguments, particularly in the event Lambert is allowed to file additional briefs.

4

### B.     <u>Lambert's Motion Fails Substantively Because He Has Not Established Prejudice</u>

In an ERISA benefits case, the Court does not take evidence or conduct a trial. Rather the court is called upon to "evaluate the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." *Leahy v. Raytheon Co.*, 315 F.3d 11, 18 (1st Cir. 2002). The court sits "more as an appellate tribunal than as a trial court" in determining whether a plan administrator's benefits eligibility decision is sustainable. *Id.*, 315 F.3d at 18.

Under ERISA's unique enforcement scheme, when an ERISA plan grants a fiduciary such discretionary authority, courts give the fiduciary's decision considerable deference and will overturn the fiduciary's decision only where there has been an abuse of discretion. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989) (holding that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan"); *Recupero v. New Engl. Tel. & Tel. Co.,* 118 F.3d 820, 827 (1st Cir.1997) (holding that if the plan confers discretion, "*Firestone* and its progeny mandate a deferential 'arbitrary and capricious' standard of review").

Because the TriNet Plan confers discretion on Aetna, this Court will ultimately review Aetna's claim determination for abuse of discretion. Lambert's request to supplement medical information—not to the claim administrator, but to the Court—is inconsistent with the nature of discretionary review. As the First Circuit has said, limiting the record to that before the claim administrator is "inherent" in the arbitrary and capricious standard: "[H]ow could an administrator act unreasonably by ignoring information never presented to it?" *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir.2003). To reconfigure the record would "distort judicial review." *Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 8 (1st Cir. 2009).

Thus, First Circuit law is clear that "some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator." *Liston*, 330 F.3d at 23. *See also Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 519 (1st Cir. 2005) (holding that in a de novo case, "[i]t would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra-administrative record evidence going to the substance of the decision"). "The decision to which judicial review is addressed is the final ERISA administrative decision." *Orndorf*, 404 F.3d at 519. That decision "acts as a temporal cut off point" and absent a good reason, courts reviewing that decision are limited to evidence that was presented to the administrator. *Id*. While exceptions exist, the First Circuit has emphasized that new evidence is "more obviously relevant when the attack is on the process of decision making as being contrary to the statute than on the substance of the administrator's decision." *Id*. at 520.

In the case of a purported procedural violation, as alleged here, it is well settled that a claimant must show prejudice to obtain a remedy. *See, e.g., Jette v. United of Omaha Life Ins. Co.*, 18 F.4th 18, 32 (1st Cir. 2021) (requiring a showing of prejudice before awarding substantive relief for an alleged procedural violation); *Stephanie C. v. Blue Cross Blue Shield of Mass.*, 813 F.3d 420, 425 (1st Cir. 2016) (same); *Lavery v. Restoration Hardware Long Term Disability Benefits Plan*, 937 F.3d 71, 82 (1st Cir. 2019) (same); *Orndorf*, 404 F.3d at 520 (same); *Recupero*, 118 F.3d at 840 (same). Thus, Lambert "must 'show prejudice in a relevant sense.'" *DiGregorio v. Hartford Comprehensive Employee Ben. Service Co.*, 423 F.3d 6, 16 (1st Cir. 2005) (quoting *Recupero*, 118 F.3d at 840). "Prejudice" means "that a different outcome would have resulted had [the insurer] been in formal compliance with the regulations." *Terry v. Bayer Corp.*, 145 F.3d 28, 39 (1st Cir.1998).

1.     **Lambert Has Established No Basis To Add Documents To The Record**

Aetna sent Dr. Sims's report directly to Lambert's treating physicians for review and comment. Lambert offers no indication whatsoever that he was prejudiced by Aetna's alleged procedural error in not sending Dr. Sims's report directly to him. He does not explain what he would have done differently had he received Dr. Sims's report directly. He does not identify any portions of the report he would have responded to. He has not identified, much less submitted to the Court, any information that he contends he would have provided to Aetna if he would have had the opportunity to review Dr. Sims's report. In fact, the only medical evidence that Lambert identifies in his motion as important is both in the Administrative Record and addressed in Dr. Sims's report.

Lambert argues vaguely that "documents which Dr. Sims should have been given do not appear in his report" and suggests that he should be able to place these documents in the Administrative Record. (Motion, Doc. 22, at p.4.) He cites only one example of such a document—an October 2017 cardiac imaging test called a Lexiscan MIBI Stress Test. (*See Id*. at p.3-4.) The October 20, 2017 MIBI Test is already in the Administrative Record. (AR 2273.) And it is clear that Dr. Sims reviewed this test because he specifically noted the result in his report.[4] (AR 1494.)

Under LR 9.4, Lambert had the opportunity (in this motion) to move to modify the Administrative Record. His "failure to proffer any additional evidence he would have provided to [Aetna] given the chance to respond to [Dr. Sims's] review seriously undercuts his argument that the procedural irregularity was prejudicial." *Hughes v. Lincoln National Life Ins. Co*., No. 2:22-cv-00098-NT, 2023 WL 5310611 at *10 (D.Me. Aug. 17, 2023.) Lambert has not met his burden

---

[4] When Lambert says "an unnamed doctor" references the test at AR 3923 he is citing to a copy of Dr. Sims's report. (*See* full report at AR 3916-3928.)

to establish "some very good reason" to overcome the "strong presumption" that the Court decides the merits of the case based upon the Administrative Record. Specifically, he has not made the showing of prejudice (i.e. "what would have changed" had he received the report during the administrative process) as Circuit precedent requires.

### 2. Lambert Has Established No Basis To Strike Documents From The Record

Lambert asks the Court to strike Dr. Sims's report, apparently on the basis that Aetna violated the ERISA regulations by not providing it to him for review before the final claim determination. (*See* Motion, Doc. 22, at pp.1-2.) Lambert cites no authority in support of his request to strike material from the Administrative Record, nor is there any.

Indeed, Lambert's sole case citation—*Jette v. United of Omaha Life Ins. Co.*—distinctly fails to support his request. While the *Jette* Court found that the insurer failed properly to provide a physician review for comment, the First Circuit did not hold (or even suggest) that the remedy was to strike the physician review from the record. *Id.*, 18 F.4th at 29-32. Rather, the Court considered whether the plaintiff was prejudiced by the insurer's procedural violation, as required by First Circuit law. *Id.*, 18 F.4th at 32. Upon a finding of prejudice, the Court did not strike the physician review; it remanded the claim to the administrator to allow the plaintiff the opportunity to submit information in response to the physician's report. *Id.*, 18 F.4th at 33. *See also, e.g., Buffonge v. Prudential Ins. Co. of America*, 426 F.3d 20, 31-32 (1st Cir. 2005) (holding that remedy for prejudicial procedural error in administrative process is remand to the administrator).

Lambert has not claimed, much less established, prejudice. Moreover, Lambert seeks to strike material from the Administrative Record, not a remand. Indeed, Aetna offered Lambert a remand in order to allow him to submit information in response to Dr. Sims's report (such as in *Jette*). Lambert declined.

## IV. CONCLUSION

The plaintiff has not carried his burden of demonstrating why the Court should not decide the merits of the case based upon the Administrative Record compiled by the claim administrator. For the reasons set forth above, Aetna asks the Court to deny the plaintiff's motion.

DATED:  November 14, 2023

Respectfully submitted,

Attorneys for Defendants AETNA LIFE INSURANCE COMPANY and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY


s/ Byrne Decker
Byrne Decker,  NH Bar #9300
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Two Monument Square, Suite 703
Portland, Maine 04101
Telephone:  207-387-2957
Facsimile:  207-387-2986
byrne.decker@ogletree.com

## CERTIFICATE OF SERVICE

I, Byrne Decker, hereby certify that on this 14th day of November 2023, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing, and transmittal of a Notice of Electronic Filing to the following registered counsel of record:

>David S. Osterman, NH #1939
>66 Hanover Street, Suite 200
>Manchester, NM 03101
>email@dsostermanlaw.com

>s/ Byrne Decker
>Byrne Decker